UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO:

KIMBERLY GABEL,

    Plaintiff,

v.

626 HOLDINGS, LLC,
a Florida limited liability company,
MICHAEL FISCHER, individually, and
PHILIP REVIEN, individually

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, KIMBERLY GABEL ("Plaintiff") pursuant to *29 U.S.C. § 216(b)* files the following Complaint against Defendants, 626 HOLDINGS, LLC, ("626"), MICHAEL FISCHER ("FISCHER"), individually, and PHILIP REVIEN ("PHILIP") (hereinafter collectively referred to as "Defendants"), on behalf of herself and all others similarly situated, and alleges as follows:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of overtime compensation during the course of her employment. This action arises under the Fair Labor Standards Act ("FLSA") pursuant to *29 U.S.C. §§ 201–216*, to recover all overtime wages that Defendants refused to pay Plaintiff during his employment.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris*.

3. During all times material hereto, Defendant, 626, was a Florida for profit corporation located and transacting business within Delray Beach, Florida, within the jurisdiction of this Honorable Court.  626 is headquartered and operates its principal location at 1935 NW 17th Avenue, Suites 113-114, Delray Beach, Florida, 33445.

4. During all times material hereto, Defendant, 626, was Plaintiff's employer, as defined by *29 U.S.C. § 203(d)*.

5. During all times material hereto, Defendant, FISCHER, was a resident of the Southern District of Florida.

6. During all times material hereto, Defendant, FISCHER was the managing member and owner of the corporate defendant within Palm Beach County, Florida.

7. During all times material hereto, Defendant, PHILIP, was a resident of the Southern District of Florida.

8. During all times material hereto, Defendant, PHILIP was also a managing member and owner of the corporate defendant within Palm Beach County, Florida.

9. During all times material hereto, Defendant, FISCHER, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, 626, during the relevant time period.

10. During all times material hereto, Defendant, PHILIP, was over the age of 18 years, an officer and/or director of the corporate Defendant, and was vested with the ultimate control and decision-making authority over the hiring, firing, day-to-day operations, and pay practices for Defendant, 626, during the relevant time period.

11. During all times material hereto, Defendant, PHILIP, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

12. During all times material hereto, Defendant, FISCHER, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d).

## JURISDICTION AND VENUE

13. The acts and omissions giving rise to this dispute took place within Palm Beach County Florida, Florida, which falls within the jurisdiction of this Honorable Court.

14. Defendant, 626, is headquartered and regularly transacts business in Palm Beach County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. §§ 1331* and *1337*.

15. Venue is also proper within the Southern District of Florida pursuant to *29 U.S.C. § 216(b)* and *28 U.S.C. § 1391(b)*.

## GENERAL ALLEGATIONS

16. Defendant, 626, is medical technology maintenance company that has been operating in the state of Florida since at least 2014.

17. 626 employs at least one hundred (100) employees nationwide. *See* https://weare626.com/about/ (last visited May 18, 2020).

## FLSA COVERAGE

18. Defendant, 626, is covered under the FLSA through enterprise coverage, as 626 was engaged in interstate commerce during Plaintiff's employment period. More specifically, 626's business and Plaintiff's work for 626 affected interstate commerce because the goods and materials that Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's

use of the same. Accordingly, Defendant, 626, was engaged in interstate commerce pursuant to *29 U.S.C. § 203(s)(1)(B)*.

19. During her employment with Defendants, Plaintiff and multiple other employees handled and worked with various good and/or materials that moved through interstate commerce, including, but not limited to: cell phones, clothing, computers, computer keyboards, medical equipment, screw drivers, wrenches, hammers, telephones, pens, pencils, paper, etc.

20. Defendant, 626, regularly employed two (2) or more employees for the relevant time period, and these employees handled the same or similar goods or materials as Plaintiff, thus making Defendant, 626 an enterprise covered by the FLSA.

21. Defendant, 626, grossed or did business in excess of $500,000.00 during the years of 2017, 2018, 2019 and is expected to gross in excess of $500,000.00 in 2020.

22. During her employment, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently called 626 employees and customers in different states using telephones.

23. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, 626, FISCHER and PHILIP within the meaning of the FLSA.

### **PLAINTIFF'S WORK FOR DEFENDANTS**

24. Plaintiff worked for Defendants from April 1, 2019 until October 7, 2019.

25. During all times material hereto, Plaintiff performed non-exempt work for Defendants as a dispatcher.

26. Although Defendants paid Plaintiff on a salary basis, Plaintiff's job duties rendered her a non-exempt employee.

27. Plaintiff worked an average of sixty (60) hours per week throughout her employment with Defendants

28. As a dispatcher, Plaintiff performed non-exempt scheduling and customer service work for Defendants' customers.

## INDIVIDUAL EMPLOYER LIABILITY

29. During pertinent times to Plaintiff's employment, Defendant, FISCHER, oversaw the day-to-day operations of 626 and instructed Plaintiff and other employees on their duties and responsibilities.  Defendant, FISCHER, also controlled the payroll practices and policies of the company.

30. During pertinent times to Plaintiff's employment, Defendant, PHILIP, also oversaw the day-to-day operations of 626 and instructed Plaintiff and other employees on their duties and responsibilities.  Defendant, PHILIP, also controlled the payroll practices and policies of the company.

31. During all times material hereto, Defendants were expressly aware of the work performed by Plaintiff, but nevertheless required Plaintiff to continue working without receiving proper overtime compensation.

32. Defendants unlawfully miscategorized Plaintiff as exempt, when her job duties did not render her exempt from the FLSA.

33. Defendants failed to maintain time records for Plaintiff during her entire employment period.

34. Defendants refused to pay Plaintiff overtime compensation at the federally mandated rate of time-and-one-half for work exceeding forty (40) hours per week.

35. As a result of Defendants' intentional and willful failure to comply with the FLSA, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS – *29 U.S.C. § 207***
**(Against All Defendants)**

36. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 35 as though set forth fully herein.

37. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), *29 U.S.C. § 216(b)*.

38. During the relevant time period, Plaintiff worked in excess of forty (40) hours per week.

39. Defendants refused to compensate Plaintiff at the proper overtime rate of time-and-one-half required by the FLSA for all hours worked in excess of forty (40).

40. Plaintiff claims the half-time rate for each hour worked in excess of forty (40) per week during her employment period with Defendants.

41. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the FLSA, as Defendants knew or should have known of the overtime requirements of the FLSA.

42. Defendants recklessly failed to investigate whether Defendants' payroll practices were in accordance with the FLSA during the relevant time period.

43. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

44. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

45. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff, KIMBERLY GATES, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, 626 HOLDINGS, LLC, MICHAEL FISCHER and PHILIP REVIEN, and award Plaintiff: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorneys' fees and costs to be paid by the Defendants jointly and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, KIMBERLY GATES, requests and demands a trial by jury on all appropriate claims.

**Dated this 25th day of May 2020.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-
JORDAN RICHARDS, PLLC**
805 E. Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff, Kimberly Gates*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
MELISSA SCOTT, ESQUIRE
Florida Bar No. 1010123
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
Jordan@jordanrichardspllc.com
Melissa@jordanrichardspllc.com
Jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on May 25, 2020.

By: _/s/ Jordan Richards_
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: